# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARY KRASSICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARCHAEOLOGICAL INSTITUTE OF AMERICA,<br><br>Defendant. | Case No. 2:21-CV-00180<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's June 15, 2022 Order (ECF No. 36), Plaintiff Mary Krassick ("Plaintiff") and Defendant Archaeological Institute of America ("Defendant") hereby submit the following Joint Status Report.

A Rule 16 Scheduling Conference is scheduled for July 15, 2022 at 10:00 A.M., before the Honorable Ray Kent. Appearing for the parties as counsel will be:

For Plaintiff: E. Powell Miller, Philip L. Fraietta, and Frank S. Hedin

For Defendant: Theodore W. Seitz and/or Kyle M. Asher

**I. JURISDICTION**

**II.** Plaintiff asserts that the Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000,

1

exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B). Defendant has argued Plaintiff lacks Article III standing and, therefore, that this Court lacks jurisdiction. Defendant has not otherwise contested this Court's jurisdiction as of this time. **JURY OR NON-JURY** This case **is** to be tried before a jury.

### III. JUDICIAL AVAILABILITY

The Parties **do not agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

### IV. STATEMENT OF THE CASE

**Plaintiff's Statement:** In this putative class action, Plaintiff alleges that before July 31, 2016, Defendant rented, exchanged, and/or otherwise disclosed its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers. Plaintiff alleges that by renting, exchanging, and/or otherwise disclosing such personal information before July 31, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Accordingly, Plaintiff brought this action on behalf of herself and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

**Defendant's Statement:** Defendant denies that it unlawfully disclosed Plaintiff's or putative class members' personally identifiable information. Defendant has argued that Plaintiff's claims are time-barred and that Plaintiff lacks Article III standing. Although this Court rejected those arguments, Defendant preserves them for appeal. After the Court ruled on

Defendant's motion to dismiss, the parties participated in a lengthy mediation session before the Honorable Wayne R. Anderson (ret.) on June 29, 2022. Although this case was not resolved at that mediation, the parties have continued to work toward a resolution and Defendant is optimistic that a settlement will be reached.

In the event a settlement is not reached, Defendant anticipates developing further factual arguments for a potential motion for summary judgment, including that, to the extent any of Plaintiff's information was disclosed by AIA or caused to be disclosed by AIA, AIA was entitled to do so under the exceptions to the PPPA, MCL 445.1713, because: AIA had written permission to disclose any such information; the disclosure was made "incident to the ordinary course of business of the person disclosing the record or information"; and the disclosure was "for the purpose of marketing goods and services to customers," and AIA provided satisfactory written notice that the customers could remove their name from the disclosure list.

## V. PROSPECTS OF SETTLEMENT

The Parties have been engaged in good-faith settlement discussions, including a lengthy mediation session before the Honorable Wayne R. Andersen (Ret.) on June 29, 2022. The Parties have continued to work toward a resolution.

## VI. PENDENT STATE CLAIMS

This case **does not** include pendent state claims. The only claim at issue in this case is a claim under the Michigan VRPA.

## VII. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

The Parties do not anticipate the need to amend the pleadings or add any additional parties at this time. The Parties expect to file all motions for joinder or parties to this action and to file all motions to amend the pleadings by **September 12, 2022**.

## VIII. DISCLOSURES AND EXCHANGES

3

a. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The Parties propose the following schedule for Rule 26(a)(1) disclosures: The Parties shall exchange Rule 26(a)(1) initial disclosures on or before **August 2, 2022**.

b. Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by **the close of fact discovery**. Defendant expects to be able to furnish the names of Defendant's expert witnesses 30 days following Plaintiff's expert disclosure.

c. It **would** be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   i. Plaintiff's expert witness reports shall be disclosed on or before **March 13, 2023**;

   ii. Defendant's expert witness reports shall be disclosed on or before **May 12, 2023**.

d. The Parties are unable to agree on voluntary production at this time.

## IX. DISCOVERY

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The Parties propose the following schedule:

a. Initial interrogatories and requests for the production of documents to be served by **October 26, 2022**.

b. Joint submission of a proposed Protective Order governing the production and exchange of confidential information by **September 6, 2022**.

c. Amendments to Complaint, including addition of additional parties, to be completed by **September 12, 2022**.

d. Document production shall be produced on a rolling basis at reasonable intervals and shall be substantially completed by **December 19, 2022**.

e. Requests to Admit as to Phase I to be served no later than **December 5, 2022**.

f. Fact discovery shall be completed no later than **February 13, 2023**.

Plaintiff believes that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiff and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' magazine subscription records before July 31, 2016; (iv) copies of all transmissions of customers' magazine subscription records to third parties before July 31, 2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiff and the putative Class; (vii) subscription and payment records of Plaintiff and the putative class; and (viii) the size and identities of the putative Class members.

Plaintiff **does not** believe discovery should be conducted in phases or limited in any manner because the issues pertaining to the named Plaintiff almost entirely overlap with the issues pertaining to the putative class. While discovery has been conducted in phases in the cases Defendant cites, Plaintiff's counsel's experience in those cases was that phasing led to inefficiencies, discovery disputes, and duplicative discovery efforts.

Plaintiff **does not** believe the time limits for depositions should be modified in this case.

**Defendant's Position:** Defendants anticipate seeking written and deposition testimony as to the nature of the claims alleged in Plaintiff's Complaint, the extent of any injury-in-fact that Plaintiff alleges occurred, and the ability of Plaintiff to adequately serve as a class representative. Defendant also anticipates seeking discovery into any permission Plaintiff may have given to disclose her subscription information, or any receipt of written notice Plaintiff may have received regarding any alleged disclosure. Defendant believes that discovery should be phased such that Phase I discovery should focus on the named plaintiff's claims, while Phase II discovery should focus on the putative class' claims. As Plaintiff notes, this style of phasing has been utilized in other PPPA actions. *See, e.g.*, *Lin v. Crain Communications, Inc.*, Case No. 19-cv-11889, ECF No. 36 (E.D. Mich. June 12, 2020); *Forton v. TEN: Publishing Media,* LLC, Case No. 19-cv-11814, ECF No. 15 (E.D. Mich. Oct. 10, 2019); *Boelter v. Hearst Communications, Inc.*, Case No. 15-cv-03934, ECF No. 96 (S.D.N.Y. Aug. 18, 2016).

X. **DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The Parties will negotiate and propose an ESI protocol on or before **September 6, 2022**.

XI. **ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION**

The Parties agree to abide by the Federal Rules of Evidence with respect to assertion of claims of privilege or work-product immunity after production.

**XII. MOTIONS**

The Parties acknowledge that W.D. Mich. Local Civil Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositve motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

<u>Plaintiff</u>: A motion for class certification and a motion for summary judgment.

<u>Defendant</u>: A motion for summary judgment and, potentially, a motion to strike class allegations.

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

Plaintiff will file her motion for class certification on or before **March 13, 2023**;

Defendant will file its opposition to Plaintiff's motion for class certification on or before **May 12, 2023**;

Plaintiff will file her reply in support of their motion for class certification on or before **June 12, 2023.**

The Parties will meet and confer on a briefing schedule for summary judgment motions after a decision on the motion for class certification.

**XIII. ALTERNATIVE DISPUTE RESOLUTION**

The parties have engaged in a private mediation, and are open to continued mediation if they are unable to resolve the case in the near future.

**XIV. LENGTH OF TRIAL**

Counsel estimate the trial will last approximately 3-5 days total, allocated as follows: 2-3

days for Plaintiff's case, 1-2 days for Defendant's case.

## XV. ELECTRONIC DOCUMENT FILING SYSTEM.

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner

## XVI. OTHER

If discovery moves forward, the Parties are cognizant of this District's preference to conduct discovery in 6 months or less, and the Parties have proposed a schedule designed to conduct all fact discovery in 6 months accordingly. However, given the complex nature of this case, and that it is a putative class action, the Parties believe 6 months is likely too ambitious. The Parties therefore would like to discuss an enlarged schedule with the Court at the upcoming Rule 16 Scheduling Conference.

Dated: July 12, 2022          Respectfully submitted,

                               */s/ Philip L. Fraietta*
                               Joseph I. Marchese
                               Philip L. Fraietta (P85228)
                               BURSOR & FISHER, P.A.
                               888 Seventh Avenue
                               New York, New York 10019
                               Tel: 646.837.7150

Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Attorneys for Plaintiff*

Dated: July 12, 2022               Respectfully submitted,

                                   /s/ Theodroe W. Seitz

                                   Theodore W. Seitz (P60320)
                                   Kyle M. Asher (P80359)
                                   DYKEMA GOSSETT PLLC
                                   201 Townsend St., Suite 900
                                   Lansing, MI 48933
                                   (517) 374-9149
                                   tseitz@dykema.com

                                   *Attorneys for Archaeological Institute of America*

122780.000001 4871-9306-1161.1

9